Michelle R. Matheson #019568
**MATHESON & MATHESON, P.L.C.**
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Hackbarth; | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Aviant Healthcare LLC, an Arizona limited liability company, CHG Capital LLC, an Arizona limited liability company, Community Hospice Group, LLC, an Arizona limited liability company, Copper Communities Hospice, LLC, an Arizona limited liability company, Hospice of the Southwest-West Valley, LLC, an Arizona limited liability company, Hospice Management Group, LLC, an Arizona limited liability company, Hospice of the Southwest, L.L.C., an Arizona limited liability company, Verde Valley Community Hospice, LLC, an Arizona limited liability company, Wellnet Health Services LLC, an Arizona limited liability company, BTCS LLC, an Arizona limited liability company, M S C Holding Group LLC, an Arizona limited liability company, Desert Ice Enterprises, Inc., an Arizona corporation, Transition Care Holdings LLC, a Nevada limited liability company, The Doctor Is In LLC, a Nevada limited liability company, Nevada Community Hospice LLC, a Nevada limited liability | |

company, Rockies Community Hospice LLC, a Colorado limited liability company, Jay Analovitch and Donna Analovitch, a married couple, Richard Bass and Mary Bass, a married couple, Todd Leach and Ann Cheri Foxx Leach, MD, a married couple, Russell Posorske and Jennifer Posorske, a married couple, and Derrick Johnson and Jane Doe Johnson, a married couple;

Defendants.

Plaintiff, Debra Hackbarth, for her Complaint, alleges as follows:

1. This case arises out of Defendants' unlawful employment practices. Defendants unlawfully failed and refused to pay Plaintiff overtime as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claim under the FLSA pursuant to 28 U.S.C. § 1331.

3. This Court has personal jurisdiction over the parties because they have significant contacts with the State of Arizona, have purposefully availed themselves of the benefit of transacting business in Arizona, and those transactions gave rise to this Complaint.

4. This Court is the proper venue, pursuant to 28 U.S.C. § 1391, because the events or omissions giving rise to Plaintiff's claim occurred in Maricopa County, Arizona.

5. Plaintiff is currently a resident of Isanti County, Minnesota, and at all times relevant to this action was a resident of Maricopa County, Arizona.

6. Hospice of the Southwest-West Valley, LLC is an Arizona limited liability company registered at 450 N. Dobson Road Suite 108 in Mesa, Arizona. Hospice of the Southwest-West Valley, LLC provides palliative care, in-home care, and hospice care services under the name Canyon River Community Hospice to clients in Prescott, Prescott Valley, Paulden, Ashfork, Spring Valley and the surrounding areas.

7.      Hospice of the Southwest, L.L.C. is an Arizona limited liability company located at 450 N. Dobson Road Suite 108 in Mesa, Arizona. Hospice of the Southwest, L.L.C provides palliative care, in-home care, and hospice care services to clients in Mesa, Phoenix, Chandler, Gilbert, Sun City, and Scottsdale.

8.      Verde Valley Community Hospice, LLC is an Arizona limited liability company registered to and doing business in Yavapai County, Arizona. Verde Valley Community Hospice, LLC provides palliative care, in-home care, and hospice care services to clients in Cottonwood, Sedona, Lake Montezuma, Camp Verde, Rimrock, Beaver Creek, Cornville, Clarkdale, the Village of Oak Creek, and historic Jerome.

9.      Nevada Community Hospice LLC is a Nevada limited liability company. Nevada Community Hospice LLC provides palliative care, in-home care, and hospice care services to clients in Las Vegas, North Las Vegas, Boulder City, and Henderson.

10.     Rockies Community Hospice LLC is a Colorado limited liability company doing business under the name Summit Community Hospice. The registered mailing address for Rockies Community Hospice LLC is 450 N. Dobson Road Suite 205 in Mesa, Arizona. Rockies Community Hospice LLC provides palliative care, in-home care, and hospice care services to clients in Denver and the surrounding area.

11.     Copper Communities Hospice, LLC is an Arizona limited liability company doing business at 136 S. Broad Street in Globe, Arizona. Copper Communities Hospice, LLC provides palliative care, in-home care, and hospice care services to clients in Globe, Miami, Kearny, Winkleman, San Carlos, Superior, Florence, Coolidge, Casa Grande, Eloy, and Roosevelt.

12.     BTCS LLC is an Arizona limited liability company registered at 450 N. Dobson Road Suite 205 in Mesa, Arizona. BTCS LLC provides post-hospital patient services, including palliative care and in-home care services, under the name Bridge to Care Solutions.

13.     M S C Holding Group LLC is an Arizona limited liability company located at 450 N. Dobson Road in Mesa, Arizona, doing business under the name The Doctor Is

3

In. M S C Holding Group LLC is a holding company which manages the business operations of BTCS LLC, including Medicare licensure and billing.

14.     Wellnet Health Services LLC is an Arizona limited liability company registered to and doing business in Maricopa County, Arizona. Wellnet Health Services LLC provides medical billing services to BTCS LLC through M S C Holding Group LLC.

15.     Transition Care Holdings LLC is a Nevada limited liability company. Transition Care Holdings LLC provides post-hospital patient services and in-home care services.

16.     The Doctor Is In LLC is a Nevada limited liability company. The Doctor Is In LLC and Transition Care Holdings LLC operate in conjunction to provide post-hospital patient services and in-home care services.

17.     Hospice Management Group, LLC is an Arizona limited liability company registered at 136 S. Broad Street in Globe, Arizona. At all times relevant to this action, Hospice Management Group, LLC provided bookkeeping, payroll, and human resource services to Aviant Healthcare LLC, BTCS LLC, CHG Capital LLC, Community Hospice Group, LLC, Copper Communities Hospice, LLC, Hospice of the Southwest-West Valley, LLC, Hospice of the Southwest L.L.C., M S C Holding Group LLC, Nevada Community Hospice LLC, Rockies Community Hospice LLC, The Doctor Is In LLC, Transition Care Holdings LLC, Verde Valley Community Hospice, LLC, and Wellnet Health Services LLC.

18.     CHG Capital LLC is or was an Arizona limited liability company registered at 450 N. Dobson Road Suite 205 in Mesa, Arizona. CHG Capital LLC is or was a member of BTCS LLC, M S C Holding Group LLC, and Rockies Community Hospice LLC.

19.     Community Hospice Group, LLC is or was an Arizona limited liability company registered at 136 S. Broad Street, in Globe, Arizona. Community Hospice Group, LLC is or was a member of Copper Communities Hospice, LLC, Hospice of the

Southwest-West Valley, LLC, and Verde Valley Community Hospice, LLC.

20.     CHG Capital LLC and Community Hospice Group, LLC merged with Aviant Healthcare LLC on December 31, 2014 ("the Aviant merger").

21.     Until the Aviant Merger, CHG Capital LLC acted in conjunction with Community Hospice Group, LLC and Hospice Management Group, LLC to manage the business of BTCS LLC, CHG Capital LLC, Community Hospice Group, LLC, Copper Communities Hospice, LLC, Hospice of the Southwest-West Valley, LLC, Hospice of the Southwest L.L.C., M S C Holding Group LLC, Nevada Community Hospice LLC, Rockies Community Hospice LLC, The Doctor Is In LLC, Transition Care Holdings LLC, Verde Valley Community Hospice, LLC, and Wellnet Health Services LLC.

22.     Aviant Healthcare LLC is an Arizona limited liability company located at 450 N. Dobson Road Suite 205 in Mesa, Arizona. Aviant Healthcare LLC is the manager of Hospice of the Southwest L.L.C. Aviant Healthcare LLC is continuing the business interests and activities of CHG Capital LLC and Community Hospice Group, LLC.

23.     At all times relevant to this action, Defendants operated Aviant Healthcare LLC, BTCS LLC, CHG Capital LLC, Community Hospice Group, LLC, Copper Communities Hospice, LLC, Hospice Management Group, LLC, Hospice of the Southwest-West Valley, LLC, Hospice of the Southwest, L.L.C., MSC Holding Group LLC, Nevada Community Hospice LLC, Rockies Community Hospice LLC, The Doctor Is In LLC, Transition Care Holdings LLC, Verde Valley Community Hospice, LLC, and Wellnet Health Services LLC ("the Hospice Defendants") as a single business and regularly transferred capital between limited liability companies.

24.     Desert Ice Enterprises, Inc. is an Arizona corporation registered to and doing business in Maricopa County, Arizona. Desert Ice Enterprises, Inc. is a concession vendor at Chase Field baseball games.

25.     Richard and Mary Bass are a married couple and reside in Maricopa County, Arizona. They have caused events to occur giving rise to this Complaint for which their marital community is fully liable.

26.     Richard Bass ("Bass") is a manager of Hospice Management Group, LLC, Copper Communities Hospice, LLC, Hospice of the Southwest-West Valley, LLC, Wellnet Health Services, LLC, BTCS LLC, M S C Holding Group LLC, Transition Care Holdings LLC, and The Doctor Is In LLC, and a manager and member of Aviant Healthcare LLC, Nevada Community Hospice LLC, and Rockies Community Hospice LLC. Until the Aviant merger, Bass was a manager of Hospice of the Southwest, L.L.C., and a manager and member of CHG Capital LLC and Community Hospice Group, LLC. Bass is a director of Desert Ice Enterprises, Inc. Bass exercises significant control over the daily functions of each business, including the power to discipline and fire employees and decisions regarding how to pay Plaintiff.

27.     Upon information and belief Derrick and Jane Doe Johnson are a married couple and reside in Maricopa County, Arizona. They have caused events to occur giving rise to this Complaint for which their marital community is fully liable.

28.     Derrick Johnson ("Johnson") is a member of Hospice Management Group, LLC and Rockies Community Hospice LLC and a manager of Copper Communities Hospice, LLC and Wellnet Health Services LLC. Until the Aviant merger, Johnson was a member of CHG Capital LLC and Hospice of the Southwest, L.L.C. and a member and manager of Community Hospice Group, LLC. Johnson exercises significant control over the daily functions of each business, including the power to discipline and fire employees and decisions regarding how to pay Plaintiff.

29.     Russell and Jennifer Posorske are a married couple and reside in Maricopa County, Arizona. They have caused the events to occur giving rise to this Complaint for which their marital community is fully liable.

30.     Russell Posorske ("Posorske") is a member of Aviant Healthcare LLC and Hospice Management Group, LLC, a manager of Copper Communities Hospice, LLC and Transition Care Holdings LLC, and a manager and member of Nevada Community Hospice LLC and Rockies Community Hospice LLC. Until the Aviant merger, Posorske was a manager of Hospice of the Southwest, L.L.C. and a member and manager of CHG

Capital LLC and Community Hospice Group, LLC. Posorske exercises significant control over the daily functions of each business, including the power to discipline and fire employees and decisions regarding how to pay Plaintiff.

31.    Jay and Donna Analovitch are a married couple and reside in Tarrant County, Texas. They have caused events to occur giving rise to this Complaint for which their marital community is fully liable.

32.    Jay Analovitch ("Analovitch") is a member of Hospice Management Group, LLC, a manager of Copper Communities Hospice, LLC, Hospice of the Southwest-West Valley, LLC, Verde Valley Community Hospice, LLC, Wellnet Health Services LLC, Transition Care Holdings LLC, The Doctor Is In LLC, and a manager and member of Nevada Community Hospice LLC. Until the Aviant merger, Analovitch was a member of CHG Capital LLC and Hospice of the Southwest, L.L.C., and a manager of Community Hospice Group, LLC. At all times relevant to this action, Analovitch exercised significant control over the daily functions of each business, including the power to discipline and fire employees and decisions regarding how to pay Plaintiff.

33.    Todd Leach and Ann Cheri Foxx Leach, M.D. are a married couple and reside in Maricopa County, Arizona. They have caused events to occur giving rise to this Complaint for which their marital community is fully liable

34.    Todd Leach ("Leach") is a member of Hospice Management Group, LLC, and Rockies Community Hospice LLC, and a manager of Copper Communities Hospice, LLC. Until the Aviant merger, Leach was a member of CHG Capital LLC, a manager of Hospice of the Southwest, L.L.C., and a member and manager of Community Hospice Group, LLC. At all times relevant to this action, Leach exercised significant control over the daily functions of each business, including the power to discipline and fire employees and decisions regarding how to pay Plaintiff.

35.    Plaintiff was hired by Hospice Management Group, LLC and Community Hospice Group, LLC as Accounting Specialist in January 2012. Plaintiff was simultaneously hired by Bass, who had arranged for the employers to share Plaintiff's

services, to work for Desert Ice Enterprises, Inc.

36.    Plaintiff performed payroll and bookkeeping duties for Aviant Healthcare LLC, BTCS LLC, CHG Capital LLC, Community Hospice Group, LLC, Copper Communities Hospice, LLC, Hospice Management Group, LLC, Hospice of the Southwest-West Valley, LLC, Hospice of the Southwest, L.L.C., M S C Holding Group LLC, Nevada Community Hospice, LLC, Rockies Community Hospice, LLC, The Doctor Is In, LLC, Transition Care Holdings LLC, Verde Valley Community Hospice, LLC, Wellnet Health Services LLC, and Desert Ice Enterprises, Inc.

37.    Plaintiff's primary duties involved processing employee payroll and bookkeeping tasks, including entering revenue and expenses into various computer programs for reconciliation, and creating financial summaries and reports.

38.    Plaintiff's primary duties involved regular use of the internet, telephone, and mail to send and receive communications, information, and payments across state lines.

39.    Plaintiff's primary duties also included making payments to vendors or Defendants' corporate credit cards on Defendants' behalf when Bass, Johnson, Analovitch, Posorske, or Leach directed her to do so and advised her of the amount and source of the payment. Plaintiff did not decide the amount of payments or exercise her own discretion regarding when payments should be made.

40.    Plaintiff had no authority to commit Defendants in matters that had significant financial impact.

41.    Plaintiff had no authority to resolve payroll disputes. If a payroll dispute arose, Johnson, Analovitch, Bass, Posorske, or Leach determined the course of action and instructed Plaintiff accordingly.

42.    Plaintiff had no authority to waive or deviate from Defendants' established policies and procedures without prior approval.

43.    Plaintiff rarely, if ever, exercised discretion and independent judgment in connection with matters of significance to Defendants' business.

44.    While employed by Defendants, Plaintiff had no managerial duties or functions.

45.    While employed by Defendants, Plaintiff's primary duties did not involve training other employees.

46.    While employed by Defendants, Plaintiff did not supervise other employees.

47.    While employed by Defendants, Plaintiff did not have the authority to hire or fire other employees.

48.    While employed by Defendants, Plaintiff customarily and regularly performed non-exempt work for purposes of the FLSA.

49.    For the years 2012 through 2013, Plaintiff's duties for Desert Ice Enterprises, Inc. also included concession sales at baseball games on Fridays, Saturdays, and Sundays.

50.    In early 2014, Plaintiff informed Bass that she could no longer perform concession sales for Desert Ice Enterprises, Inc. because she needed to spend her weekends performing work for the Hospice Defendants in order to keep up with her workload.

51.    Bass, Johnson, Analovitch, Posorske, and Leach knew Plaintiff worked weekends in addition to her weekday schedule.

52.    Defendants knew Plaintiff regularly worked in excess of 40 hours per week. *See* Exhibit 1.

53.    Plaintiff was paid a salary for her services but was not paid premium overtime compensation for all hours worked over 40 in a workweek.

54.    Defendants failed to track and record Plaintiff's work hours as required by the FLSA from January 2012 until September 2014.

55.    In September 2014, Johnson met with Plaintiff and informed her that she had been paid inappropriately for at least part of her employment and Defendants likely owed her premium overtime compensation.

56.    After consulting the U.S. Department of Labor and Tanya R. Raner, the Hospice Defendants' Human Resources Specialist, Plaintiff informed Defendants that she was incorrectly classified as exempt from the FLSA's overtime requirement. Plaintiff further informed Defendants that she was entitled to premium overtime compensation for her work hours in excess of 40 in a workweek. *See* Exhibit 2.

57.    Defendants responded by requiring Plaintiff to track her work hours and telling her to obtain approval from her direct supervisor for overtime. *See* Exhibit 2.

58.    When Analovitch, Plaintiff's direct supervisor, requested clarification on Plaintiff's status as exempt or nonexempt, Bass responded that "[i]t continues to be my preference that we have Deb working only 40 hours per week." *See* Exhibit 2.

59.    Plaintiff continued to work greater than 40 hours per week with her supervisor's knowledge and approval. *See* Exhibit 3.

60.    Defendants recorded only 40 hours of work per week on Plaintiff's pay records and continued to pay Plaintiff a salary with no premium overtime compensation for the hours she worked over 40 in a workweek.

## **COUNT ONE**

**(Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act)**

61.    Plaintiff incorporates by reference the allegations above.

62.    Plaintiff performed monetary transactions and regularly sent and received communications across state lines in the course of her duties with Defendants.  Plaintiff was a covered individual "engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

63.    Defendants Aviant Healthcare LLC, BTCS LLC, CHG Capital LLC, Community Hospice Group, LLC, Copper Communities Hospice, LLC, Hospice Management Group, LLC, Hospice of the Southwest-West Valley, LLC, Hospice of the Southwest L.L.C.,  M S C Holding Group LLC, Nevada Community Hospice, LLC, Rockies Community Hospice LLC, The Doctor Is In LLC, Transition Care Holdings

LLC, Verde Valley Community Hospice, LLC, and Wellnet Health Services LLC perform related activities through unified operations and under common control for a common business purpose. Defendants' gross volume of sales or business done in the 12-month period preceding the filing of this complaint was not less than $500,000.00. The Hospice Defendants are a single covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA, 29 U.S.C. §§ 201-219.

64.     The Hospice Defendants were Plaintiff's "employers" as that term is defined by the FLSA.

65.     Desert Ice Enterprises, Inc. was Plaintiff's "employer" as that term is defined by the FLSA.

66.     Bass, Johnson, Analovitch, Posorske, and Leach were Plaintiff's "employers" as that term is defined by the FLSA.

67.     Plaintiff performed work which simultaneously benefited the Hospice Defendants, Bass, Johnson, Analovitch, Posorske, and Leach.

68.     The Hospice Defendants, Bass, Johnson, Analovitch, Posorske, and Leach had an agreement to share Plaintiff's services with Desert Ice Enterprises, Inc.

69.     The Hospice Defendants, Desert Ice Enterprises, Inc., Bass, Johnson, Analovitch, Posorske, and Leach shared control of Plaintiff's employment.

70.     The Hospice Defendants, Desert Ice Enterprises, Inc., Bass, Johnson, Analovitch, Posorske, and Leach were Plaintiff's joint employers.

71.     Plaintiff was a nonexempt employee under the FLSA.

72.     Defendants knew or should have known Plaintiff was misclassified as exempt under the FLSA.

73.     Plaintiff regularly worked in excess of 40 hours per week for Defendants but received no overtime pay.

74.     Defendants did not keep accurate records of Plaintiff's hours worked, as required by the FLSA, 29 U.S.C. § 211(c).

75.    Defendants were aware or should have been aware that federal law required them to pay overtime to Plaintiff for all time worked in excess of 40 hours per week but took no steps to ensure their compliance with the FLSA.

76.    Defendants showed reckless disregard for the possibility that their actions violated the FLSA. Defendants' violation of the FLSA was willful.

77.    Plaintiff has suffered economic damages as a result of Defendants' unlawful compensation practice and is entitled to statutory remedies pursuant to the FLSA, including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## REQUESTED RELIEF

A.    For the Court to find that Defendants willfully violated the FLSA;

B.    For an award of damages of unpaid overtime, plus an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

C.    For an award of Plaintiff's reasonable attorneys' fees and costs; and

D.    For an award of pre and post judgment interest on all compensation due.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial of her claims by jury to the extent authorized by law.

Dated this 26th day of February, 2015.

MATHESON & MATHESON, PLC

By: /s Michelle R. Matheson