FENNEMORE CRAIG, P.C.
John J. Balitis, Jr. (No. 011801)
Carrie Pixler Ryerson (No. 029099)
2394 East Camelback
Suite 600
Phoenix, AZ  85016-3429
Telephone:  (602) 916-5000
Email:  jbalitis@fclaw.com
Email:  cryerson@fclaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Hackbarth,<br><br>  Plaintiff,<br><br>  v.<br><br>Aviant Healthcare LLC, an Arizona limited liability company; CHG Capital LLC, an Arizona limited liability company; Community Hospice Group, LLC, an Arizona limited liability company; Copper Communities Hospice, LLC, an Arizona limited liability company; Hospice of the Southwest-West Valley, LLC, an Arizona limited liability company; Hospice Management Group, LLC, an Arizona limited liability company; Hospice of the Southwest, L.L.C., an Arizona limited liability company; Verde Valley Community Hospice, LLC, an Arizona limited liability company; Wellnet Health Services LLC, an Arizona limited liability company; BTCS LLC, an Arizona limited liability company; MSC Holding Group LLC, an Arizona limited liability company; Desert Ice Enterprises, Inc., an Arizona corporation; Transition Care Holdings LLC, a Nevada limited liability company; The Doctor Is In LLC, a Nevada limited liability company; Nevada Community Hospice LLC, a | No. 2:15-cv-00352-SRB<br><br>**ANSWER TO COMPLAINT** |

1  Nevada limited liability company;
   Rockies Community Hospice LLC, a
2  Colorado limited liability company; Jay
   Analovitch and Dona Analovitch, a
3  married couple; Richard Bass and Mary
   Bass, a married couple; Todd Leach and
4  Ann Cheri Foxx Leach, MD, a married
   couple; Russell Posorske and Jennifer
5  Posorske, a married couple; and Derrick
   Johnson and Jane Doe Johnson, a
6  married couple,

7                  Defendants.

8

9       For their Answer to Plaintiff Debra Hackbarth's Complaint, Defendants respond

10  and allege as follows:

11      1.    Defendants deny the allegations in paragraph 1.

12      2.    Defendants admit the allegations in paragraph 2 but deny that a violation of

13  the Fair Labor Standards Act ("FLSA") has occurred.

14      3.    Defendants admit that the Court has personal jurisdiction over them but

15  deny the remaining allegations in paragraph 3 and deny that a violation of the FLSA has

16  occurred.

17      4.    Defendants admit that venue is proper but deny the remaining allegations in

18  paragraph 4 and deny that a violation of the FLSA has occurred.

19      5.    Defendants are without knowledge or information sufficient to admit or

20  deny the allegations in paragraph 5 and, therefore, deny the allegations.

21      6.    Defendants deny that the address listed is correct but admit the remaining

22  allegations in paragraph 6.

23      7.    Defendants deny that the address listed is correct but admit the remaining

24  allegations in paragraph 7.

25      8.    Defendants admit the allegations in paragraph 8.

26      9.    Defendants admit the allegations in paragraph 9.

1   10.   Defendants deny that the address listed is correct but admit the remaining allegations in paragraph 10.

2   11.   Defendants admit the allegations in paragraph 11.

3   12.   Defendants deny that the address listed is correct but admit the remaining allegations in paragraph 12.

4   13.   Defendants deny the allegations in paragraph 13.

5   14.   Defendants admit the allegations in paragraph 14.

6   15.   Defendants admit the allegations in paragraph 15.

7   16.   Defendants admit the allegations in paragraph 16.

8   17.   Defendants admit the allegations in paragraph 17.

9   18.   Defendants admit the allegations in paragraph 18.

10  19.   Defendants admit the allegations in paragraph 19.

11  20.   Defendants admit the allegations in paragraph 20.

12  21.   Defendants deny the allegations in paragraph 21.

13  22.   Defendants deny the allegations in paragraph 22.

14  23.   Defendants deny the allegations in paragraph 23.

15  24.   Defendants admit the allegations in paragraph 24.

16  25.   Defendants admit that Richard and Mary Bass are a married couple and reside in Maricopa County but deny the remaining allegations in paragraph 25.

17  26.   Defendants deny the allegations in paragraph 26.

18  27.   Defendants admit that Derrick and Nicole Johnson are a married couple and reside in Maricopa County but deny the remaining allegations in paragraph 27.

19  28.   Defendants admit the allegations in paragraph 28.

20  29.   Defendants admit that Russell and Jennifer Posorke are a married couple and reside in Maricopa County but deny the remaining allegations in paragraph 29.

21  30.   Defendants admit the allegations in paragraph 30.

31. Defendants admit that Jay and Donna Analovitch are a married couple and reside in Tarrant County, Texas but deny the remaining allegations in paragraph 31.

32. Defendants admit the allegations in paragraph 32.

33. Defendants admit that Todd Leach and Ann Cheri Foxx Leach, M.D. are a married couple and reside in Maricopa County but deny the remaining allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants admit that some of the duties described in paragraph 37 were performed by Plaintiff early in her employment but deny the allegations in paragraph 37 to the extent there is any implication that such duties were her sole duties during the entirety of her employment.

38. Defendants admit that some of the duties described in paragraph 38 were performed by Plaintiff but deny the allegations in paragraph 38 to the extent there is any implication that such duties were her sole duties during her employment.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants admit the allegations in paragraph 42 but affirmatively allege that no employee was authorized to waive or deviate from Defendants' established policies and procedures without prior approval. Defendants affirmatively allege that Plaintiff made recommendations as to policy changes and procedures.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52 and affirmatively assert that the referenced email traffic is lacking the appropriate factual context.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants admit that Johnson, along with Julie Campbell, met with Plaintiff in September 2014 to inform Plaintiff that she had not been paid for 16 hours of overtime during 2012. Defendants promptly paid Plaintiff for that 16 hours of overtime. Defendants deny any allegation in paragraph 55 that Plaintiff is or was owed any overtime other than the 16 hours described above.

56. Defendants deny the allegations in paragraph 56.

57. Defendants admit the allegations in paragraph 57.

58. Defendants admit the allegations in paragraph 58 but affirmatively assert that the referenced email traffic is lacking the appropriate factual context.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

**Count One: Alleged Violation of the Fair Labor Standards Act**

61. Defendants incorporate by reference their responses to paragraphs 1-60.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants admit the allegations in paragraph 65 but assert that Plaintiff was only employed by that entity for a limited period of time.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants admit that Plaintiff was a non-exempt employee initially but then became an exempt employee for most of her employment.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants deny each and every allegation in the Complaint not otherwise expressly admitted herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by estoppel, waiver, and/or acquiescence.

3. Plaintiff seeks inappropriate measures of damage.

4. Plaintiff was an exempt employee.

5. A good faith dispute exists as to whether Plaintiff is owed any wages.

6. Even if Plaintiff is entitled to overtime pay (she is not), Defendants acted in good faith and had reasonable grounds for believing that they were not violating the law.

Defendants are without knowledge as to which, if any, additional affirmative defenses may be supported by the facts developed through discovery and, rather than waive same, Defendants reserve the right to amend this Answer at a later time to assert all defenses that may be applicable to the Complaint.

WHEREFORE, Defendants request that judgment be entered against Plaintiff; that Plaintiff's Complaint be dismissed with prejudice; that Plaintiff takes nothing thereby; that Defendants be awarded their costs and reasonable attorneys' fees; and that the Court order such other and further relief as it deems just and proper.

DATED this 15th day of May, 2015.

FENNEMORE CRAIG, P.C.


By: */s/ Carrie Pixler Ryerson*
    John J. Balitis, Jr.
    Carrie Pixler Ryerson
    Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

☒ I hereby certify that on May 15, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

Michelle R. Matheson
MATHESON & MATHESON, P.L.C.
15300 North 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

*/s/ Julie Calvano Tolby*
Julie Calvano Tolby

10395275.1

FENNEMORE CRAIG, P.C.
PHOENIX

- 7 -