Michelle R. Matheson  #019568
**MATHESON & MATHESON, P.L.C.**
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
**E-Service :** fax@mathesonlegal.com
*Attorney for Plaintiff*

John L. Blanchard
**OSBORN MALEDON, P.A**
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
jblanchard@omlaw.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Debra Hackbarth;<br><br>Plaintiff,<br><br>v.<br><br>Aviant Healthcare LLC, et al,<br><br>Defendants. | Case No.:  2:15-cv-00352-SRB<br><br>**JOINT MOTION TO APPROVE SETTLEMENT** |

Plaintiff Debra Hackbarth and Defendants Aviant Healthcare LLC, , CHG Capital LLC, Community Hospice Group, LLC, Copper Communities Hospice, LLC, Hospice of the Southwest-West Valley, LLC, Hospice Management Group, LLC, Hospice of the Southwest, L.L.C., Verde Valley Community Hospice, LLC, Wellnet Health Services LLC, BTCS LLC, M S C Holding Group LLC, Desert Ice Enterprises, Inc., Transition Care Holdings LLC, The Doctor Is In LLC, Nevada Community Hospice LLC, Rockies Community Hospice LLC, Jay Analovitch and Donna Analovitch, Richard Bass and Mary Bass, Todd Leach and Ann Cheri Foxx Leach, MD, Russell Posorske and Jennifer Posorske, and Derrick Johnson and Nicole Johnson (collectively, the "Parties") jointly

move the Court to approve their Settlement Agreement and approve the stipulated judgment agreed to by the parties in the event that Defendants default on the installment payment schedule detailed in the parties' settlement agreement. This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a former employee of Defendants, filed her Complaint against Defendants on February 26, 2015 alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") by failing to pay her overtime pay for hours worked over 40 in a workweek. The parties subsequently exchanged disclosures and numerous discovery requests and responses, and engaged in substantial settlement discussions.

As a result, the Parties have reached a settlement of all claims in this matter. While agreeing to settlement, Defendants do not admit any wrongdoing under the FLSA. Nevertheless, the Parties have negotiated a settlement in this matter and, following this court's approval, will execute the attached Settlement Agreement to avoid the costs and uncertainties of additional litigation. The proposed settlement consists of payment to Plaintiff of $30,000.00 for allegedly unpaid overtime wages; and additional $30,000.00 in liquidated damages and $30,000.00 to Plaintiff's counsel for attorneys' fees and costs.

**II.    LEGAL BASIS FOR COURT APPROVAL**

In a private action arising under section 216(b) of the FLSA, an employee may settle and release FLSA claims against the employer only if the parties obtain the Court's approval of the proposed settlement. *Fontes v. Drywood Plus, Inc.*, 2013 U.S. Dist. LEXIS 169720, 15 (D. Ariz. Dec. 2, 2013) ("If, however, a plaintiff brings an FLSA action, the parties must seek approval of the settlement agreement to ensure that it is enforceable and fair."). "In reviewing a private FLSA settlement, the district court's '[o]bligation is not to act as caretaker but as gatekeeper; it must ensure that private FLSA

1  settlements are appropriate given the FLSA's purposes and that such settlements do not
2  undermine the Act's purposes.'" *Id.* at 17 (quoting *Goudie v. Cable Communications,*
3  *Inc.*, 2009 U.S. Dist. LEXIS 1907, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009)).

4      Settlement of Plaintiff's FLSA claim is also permissible because the initiation of
5  the lawsuit provides assurances of an adversarial context in which the employee is likely
6  to be represented by an attorney who can protect his or her rights; indeed, there is a
7  "strong presumption" in favor of finding such settlements to be fair. *Dail v. George A.*
8  *Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (quoting *Cotton v. Hinton*, 559
9  F.2d 1326, 1331 (5th Cir. 1977)).

10     Courts have relied on the following factors to approve the settlement of FLSA
11 claims, which are present in this case: (1) the settlement represents a compromise of
12 Plaintiff's claims; (2) the parties have fully and adequately disclosed the reasons
13 justifying the compromise of Plaintiff's claims; and (3) the settlement provides "that the
14 plaintiff's attorneys' fee was agreed upon separately and without regard to the amount
15 paid to the plaintiff." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D.
16 Fla. 2009).

17     Here, the parties reached the settlement in the context of litigation where all were
18 represented by experienced counsel. The parties agree that continuing to litigate the
19 dispute would have substantially increased costs, including those associated with
20 upcoming depositions. Defendants disputed the number of overtime hours Plaintiff
21 claims to have worked, making the amount of her potential recovery uncertain, and
22 therefore the settlement represents a compromise of Plaintiff's FLSA claim. Finally, as
23 shown, the agreement provides for a reasonable sum of attorneys' fees and costs
24 independent of Plaintiff's recovery.

25 **III.  CONCLUSION**

26     The Parties believe the proposed settlement represents a fair and reasonable
27 compromise of the disputed issues in this case. The Parties therefore request that the
28

Court rule that the Settlement Agreement represents a fair and equitable resolution of this action, and therefore request that the Court approve the settlement agreement and proposed judgment.

DATED this 30th day of December, 2015.

| /s/ Michelle R. Matheson | /s/ John L. Blanchard (with permission) |
|---|---|
| Michelle R. Matheson  #019568 | John L. Blanchard, #018995 |
| **MATHESON & MATHESON**, P.L.C. | **OSBORN MALEDON, P.A** |
| 15300 North 90th Street, Suite 550 | 2929 North Central Ave., Ste. 2100 |
| Scottsdale, Arizona 85260 | Phoenix, Arizona 85012-2793 |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

## CERTIFICATE OF SERVICE

☒ I hereby certify that on December 30, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

John L. Blanchard
**OSBORN MALEDON, P.A**
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
jblanchard@omlaw.com
*Attorneys for Defendants*


 /s Christina Hackett

4